In the Court of Common Pleas of Forest County.

## FIRST NATIONAL BANK, CORRY, v. L. & M. CHILDS.

Mechanics, miners, laborers and others claiming under the act of April 9, 1872, must give notice in writing to the officer executing the process before the actual sale of the property; in default of this notice, no lien. Construction of said act and its requirements.

Sur exceptions to auditor's report.

Opinion of the court delivered by

WETMORE, P. J.    At common law, a lien on personal property consists in a mere right to retain possession until the debt or charge is paid. Thus liens generally arise from bailment, are founded on usage, and only have force and validity while the goods are in possession of the bailor. The ordinary cases of liens are factors, innkeepers, warehousemen, common carriers, &c.    In all these cases in order to create a lien, there must be a delivery of the property.    It must come into the possession of the party claiming the lien, or his agent.

The ordinary understanding of a lien on personal property, is the right to detain the property in possession till the claim or charge constituting the lien is satisfied.    By the first section of the act of the 9th of April, 1872, entitled "An Act for the better protection of the wages of mechanics, miners, laborers and others," Pamphlet Laws, 1872, pages 47 and 48, it is provided that the wages of labor, not exceeding six months immediately preceding the sale, and not exceeding two hundred dollars, shall be a lien, and shall be preferred and first paid out of the proceeds, &c.    This part of the act only relates to personal property, as the claim to be a lien on real estate must be filed in the prothonotary's office.

The second section of the act provides that it shall be lawful for such laborers and others to give notice in writing of their claim or claims, and the amount thereof to the officer executing the writ, at any time before the actual sale of the property levied on, and the officer shall pay out of the proceeds the amount which each laborer is justly and legally entitled to receive.

The statute creates a lien on personal property without any record, statement, or memorandum of the same filed or recorded in any place. No act on the part of the claimant is required to give it force, and no possession of the property on which the lien exists is necessary to give notice to creditors or vendees of its existence.

The remedy is the means employed to enforce a right. The only remedy provided in this act is contained in the second section, which says it shall be lawful for the claimant to give notice in writing of his claim and the amount thereof at any time before the actual sale of the property levied on. In proceedings at law the claim must be sued within the time required, and the pleadings, trial, judgment, and execution, must be according to legally established rule.

A claim giving a complete right of action is useless unless it is asserted according to the prescribed modes; the right can only be established and enforced according to legal remedies. The first section of the act in giving time creates the lien, and the second section provides a time and way for the claimant to give notice of his claim.

The provisions of the second section were not compiled with, and no notice given as therein provided; the claimants gave no notce until after the sheriff's sale.

As a rule of exposition, statutes are to be construed in reference to the principles of common law. Dwarris on Statutes, p. 185. Liens have been looked upon with jealousy, being considered as encroachments on the common law. Bouvier's Law Dict., 14th Ed., Title Liens, vol. 2, p. 47. The parties claiming the benefit of the lien given by the statute should, therefore, have given notice in writing, as therein directed. The execution creditors, the sheriff and lien claimants would then know what there is against the property to be sold, and regulate their action accordingly. To sustain the claims in this case, permits a sale of property with secret liens against it, which the execution creditor has no means of ascertaining, and after the sale he is deprived of the fruits of his execution by awarding them to the claimants of the fund made by the sale.

The lien created by the statute is on the *property*, but the present claim is on the *fund* arising from its sale. To construe the statute with reference to the principles of common law so as to avoid secret liens at the time of the sheriff's sale, requires the claimant to give notice to the officer in writing, before the sale, of his claim and the amount thereof.

The report of the auditor is, therefore, reformed and corrected as follows: The item $967 70 allowed to claims for labor is stricken out, and that amount of money is appropriated to fi. fa. No. 43, December term 1873. With this modification, the report of the auditor is confirmed.